UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CR-32-F1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ROBERT EARL MOODY, | ) | |
| Defendant. | ) | |

This matter is before the court on the Government's motion to determine competency [DE-33] and the Bureau of Prison's most recent psychiatric report [DE-48]. Medical staff at FMC Butner opine that Moody is not competent to stand trial as a result of a mental disease and that it is not substantially probable that Moody will regain competence in the foreseeable future. For the reasons that follow, counsel are DIRECTED to file objections to the report, if any, by **May 30, 2014** and the court requests that the Bureau of Prisons maintain custody of Moody at its Butner, North Carolina campus until any objections to the report are resolved and in anticipation of further evaluation pursuant to 18 U.S.C. § 4246.

**FACTUAL AND PROCEDURAL HISTORY**

Following a plea of guilty to possession of a firearm by a convicted felon, Moody was sentenced to 27 months imprisonment and 3 years supervised release. Upon release from custody, Moody's assigned probation officer attempted to complete the supervised release intake interview. However, Moody became agitated and refused to complete the interview. As a result of Moody's noncompliance with supervised release conditions, the probation officer filed a motion to revoke Moody's supervised release on July 2, 2013 [DE-26]. After Moody was taken

into custody on the motion to revoke his supervised release, it became clear that Moody was suffering from mental illness and that he may not be competent to assist in his defense. The Government therefore requested a competency evaluation. By order dated July 18, 2013 [DE-36], the court committed Moody to the custody of the Attorney General for evaluation to determine whether there is reasonable cause to believe that the Defendant presently is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to assist properly in his defense. 18 U.S.C. § 4241(a). The court timely received the initial psychiatric report, in which the FMC Butner medical staff opined that Moody was not competent to proceed. After a hearing on November 5, 2013, the court entered an order [DE-43] finding that Moody was not competent to proceed and committing Moody for further evaluation to determine whether there was a substantial probability that Moody would regain competency in the foreseeable future. *See* § 4241(d)(1).

Thereafter, on May 12, 2014,[1] medical staff submitted a report indicating that Moody remained incompetent to proceed and finding that there is not a substantial probability that he may regain competency in the foreseeable future. According to the report, Moody suffers from severe delusions that substantially impair his ability to understand the nature of the proceedings against him or to assist properly in his defense. Moody also refuses to take antipsychotic medications, which are the only effective treatment available for his condition. Medical staff considered administering the medications involuntarily but ultimately decided that Moody does

---

[1] The November 6, 2013 [DE-43] order committed Moody to the custody of the Attorney General for an additional four months. *See* § 4241(d). However, Moody was not admitted to the psychiatric unit until December 17, 2013. The four month evaluation period therefore ended on or about April 17, 2014. As discussed below, Moody remains subject to detention under the Bail Reform Act and this court's detention order [DE-32].

2

Case 4:11-cr-00032-F Document 49 Filed 05/15/14 Page 2 of 5

not meet the stringent legal requirements for involuntary treatment. *See Sell v. United States*, 539 U.S. 166 (2003); *Washington v. Harper*, 494 U.S. 210 (1990). Finally, medical staff note that Moody remains subject to evaluation under 18 U.S.C. § 4246.

## DISCUSSION

The court is comfortable adopting the findings from the May 12, 2014 psychiatric report [DE-48] and concluding that there is not a substantial probability that Moody will regain competency within the foreseeable future. Of course, the parties should be given an opportunity to be heard on this issue. Accordingly, the parties are directed to notify the court of any objections to the report on or before **May 30, 2014**. If either party objects to the findings in the report, the court will schedule and notice a hearing on the issue of Moody's competency to proceed. In addition, counsel may also wish to address the propriety of committing Moody for an additional period of time for dangerousness evaluation under § 4246, as explained below. Pending final resolution of Moody's competency to proceed, Moody remains subject to the Bail Reform Act and the court's July 15, 2013 detention order [DE-32]. *See United States v. Magassouba*, 544 F.3d 387, 413-15 (2d Cir. 2008).

In the event the parties do not object to the findings in the report, Moody will be subject to the provisions of 18 U.S.C. § 4246(a), which provides a process for civil commitment of dangerous defendants who are nearing the end of their commitment periods under other statutory provisions. *Id.* ("If the director of a facility in which a person is hospitalized certifies [that a defendant is presently dangerous], [t]he court shall order a hearing to determine [if the person should be civilly committed]."). In light of the seriousness of Moody's symptoms and his history of assaultive behavior, the court will likely order an evaluation for possible certification under §

3

4246 if the court finds that Moody is not competent to proceed under § 4241(d).[2] The court will need to commit Moody for an additional forty-five days to complete that evaluation. *See* § 4247(d) (providing for forty-five day commitment period for preparation of an initial § 4246 report/certification).

For this reason, the court requests that Moody remain in custody at FCC Butner until such time as the court either (1) orders a hearing to determine Moody's competency or (2) orders further evaluation under § 4246 at FMC Butner. Because Moody remains subject to the court's detention order [DE-42] and the Bail Reform Act, he may remain in custody until the court conclusively finds that he is not competent to proceed. *See Magassouba*, 544 F.3d at 413-15; *see also United States v. Peppi*, No. 06-157, 2007 WL 674746, at *4-5 (D.N.J. Feb. 27, 2007) (finding that the Bail Reform Act does not apply once the court conclusively establishes that it is not substantially probable that a defendant will regain competency). Assuming the court finds that Moody is unlikely to regain competency, the court may then order Moody committed for an additional forty-five days for evaluation under § 4246 and that evaluation must take place at FMC Butner. *See* § 4246(a) (explaining director of the facility in which the defendant is hospitalized must file the required certification). If Moody can remain at FCC Butner pending the outcome of the competency proceeding, it will avoid the time and expense associated with unnecessarily transporting Moody to Wilmington, N.C., only to send him back for the § 4246 evaluation. The court should receive counsel's response regarding any objections to the findings in the most recent report on or before May 30, 2014 and the court will quickly notify Bureau of

---

[2] Although the court is fairly certain that it will request a § 4246 evaluation, counsel may address any issues related to further commitment for a § 4246 evaluation in their responses due on May 30, 2014.

4

Prisons Officials of Moody's status after it receives counsel's response. Of course, if it is not possible for Moody to remain in custody at FCC Butner during this time, prison staff may contact the United States Marshals Service for transportation back to the appropriate detention center.

## CONCLUSION

Counsel is DIRECTED to file any objections to the May 12, 2014 psychiatric report by **May 30, 2014**. The court requests that Moody remain in custody at FCC Butner until the court has resolved Moody's competency status and decided whether to request a § 4246 evaluation. Counsel may also address any issues related to the § 4246 evaluation in their response, in the event counsel chooses to submit objections.

SO ORDERED.

This, the 15 day of May, 2014.
5/15/14

*James C. Fox*
JAMES C. FOX
Senior United States District Judge